WITTERS *v.* SOWLES *et al.*

*(Circuit Court, D. Vermont.   January 14, 1888.)*

INSOLVENCY—PREFERENCES—LIMITATION OF TIME.
> Rev. Laws Vt. § 1860, provides that a conveyance made by an insolvent, or one in contemplation of insolvency, within four months before the filing of a petition for insolvency by or against him, made for the purpose of giving preference to certain creditors, shall be void.  In an action to set aside such a mortgage, it appeared that, within three months after the mortgage was made, a petition was left with the judge to be acted upon when requested, and was not acted upon until two months later, at the instance of another creditor. *Held,* that the statute contemplated immediate procedure upon the petition, and the delay in acting on the petition at the instance of the petitioner took the conveyance out of the operation of the statute.

In Equity.

For statement of facts, see *Witters v. Sowles,* 32 Fed. Rep. 758, 765.

*Chester W. Witters* and *Albert P. Cross,* for orator.

*Willard Farrington* and *William D. Wilson,* for defendants.

WHEELER, J.   This cause has been further heard upon additional testimony taken since the former hearing in respect to the commencement of the insolvency proceedings.   32 Fed. Rep. 758, 765.   This testimony does not show that the record is not true wherein it sets forth why process of notification was not issued, and the petition proceeded with.   The record as made shows that this was to await the pleasure of the petitioning creditors' attorney; the testimony shows the same with at least equal clearness.

*Chapman v. Brewer,* 114 U. S. 158, 5 Sup. Ct. Rep. 799, has been cited to show that the delay was wholly immaterial.   In that case the petition in bankruptcy appears to have been filed October 10, 1873; the attachment there in question, to have been made January 12, 1874; and the amended petition, which raised the question, March 5, 1874.   The attachment was after the original petition, and within four months before the amended one, and was invalid, whether the adjudication should be held to relate back to the one or the other.   What was said and decided about it related to a question of pleading.   Objection was made that the record did not show that the petitioner filed any proof of a claim or of bankruptcy; as to which it was said that if the district court had jurisdiction of the subject-matter, and the bankrupt appeared, and the adjudication was correct in from, it was conclusive of the fact decreed. The adjudication and assignment referred in form back to the filing of the original petition; still it was not said that this was conclusive of the question about that.   And in that case, so far as appears, the record did not show anything about the delay, more than to state what was done, and when; while here the record shows that the petition remained without further proceedings, because of the control of it retained by the petitioner's attorneys.   The petition here is shown, both by record and

proof *aliunde*, not to have been an active petition when presented, nor until long afterwards, when started by another; that case does not show that such a petition is as effective as an active one.

*Mining Co.* v. *Rose*, 114 U. S. 576, 5 Sup. Ct. Rep. 1055, is relied upon to establish that the adjudication of insolvency upon the petition, and the assignment of the estate of the insolvent pursuant to the adjudication, as of the date of the presentation of the petition to the judge, are conclusive of the filing of the petition at that time. In that case the title to the same particular property was involved in the proceedings in each court. The question adjudicated was directly involved. Here, the court of insolvency adjudged that the alleged insolvent was insolvent, and assigned his estate as of the time of the presentation of the petition to the assignee. All this was conclusively decreed; and the fact of his insolvency, and the validity of the assignment, are not at all open to question here or elsewhere. But this does not touch the validity of these mortgages. The effect of the assignment was to vest in the assignees all the property of the debtor, real and personal, which he could have lawfully sold, assigned, or conveyed, or which might have been taken on execution upon a judgment against him at the time of the filing of the petition, and all debts due, and rights of action for usurious interest, or real or personal estate, and rights of redeeming the same; and to dissolve all attachments and levies upon property not previously attached, made within 60 days before that time, and pass the property or estate so attached or levied upon to the assignee. Rev. Laws Vt. § 1820. The right to redeem these mortgages passed to the assignees by the assignment, but the rights covered by the mortgages did not so pass; they were not covered by the terms of the assignment, nor by the statute providing for its effect. They could be disturbed only by a combination of other facts which, under another provision of the statute, would avoid them, and give the assignees the right to recover the property or its value. These facts are the making of the mortgages with a view to give a preference; the receiving of them, having reasonable cause to believe the maker of them to be insolvent, and that they were made in fraud of the laws relating to insolvency; and the filing of the petition within four months after. All these facts must be shown to defeat the mortgages in any suit involving their validity, or the right to recover the property. No adjudication elsewhere, in proceedings to which those concerned were not parties, would establish any of them. That case does not show anything to the contrary of these principles. This case involves the validity of the mortgages, and the rights of the assignees to recover the property. To defeat the mortgages and recover the property, they must establish all these facts here; and showing that they were involved elsewhere in proceedings to which neither the orator, nor the bank of which he is receiver, was a party, will not avail. The matter is all open, and proof of the facts must be made here. The assignees have not satisfactorily established the filing of an active petition within the four months; therefore they would fail here, even if they had established the requisite reasonable cause to believe. The same decree should be made as before; but the

time of redemption should begin anew, and the sum due be reckoned to that beginning. .

Let there be another decree of foreclosure, with 15 days' redemption from the entry of the decree, and dismissing the cross-bill, with costs.